**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**



**WILLIAM J. MARTINI**
**JUDGE**

# LETTER OPINION

February 18, 2010

Robert S. Cohen
Moritt, Hock & Hamroff, LLP
400 Garden City Plaza
Suite 202
Garden City, NY 11539
        *(Attorney for Plaintiff)*

SSP Partners LLC
411 Route 17, Suite 410
Hasbrouck Heights, NJ 07604
        *(Defendant)*

Philip D. Forman
1 Lockwood Run
Colts Neck, NJ 07722
        *(Defendant)*

Luceen M. Cardinalle
14 Ridge Crest Road
Saddle River, NJ 07458
        *(Defendant)*

        RE:     *General Electric Capital Corporation v. SSP Partners LLC, Philip D.*
                *Forman, and Luceen M. Cardinalle*
                Civil Action No. 09-4412 (WJM)

Dear Litigants:

This action comes before the Court on the motion of Plaintiff General Electric Capital Corporation ("GE Capital") for default judgment against Defendants SSP Partners LLC ("SSP"), Philip D. Forman ("Forman"), and Luceen M. Cardinalle ("Cardinalle"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, GE Capital's motion is **GRANTED,** and default judgment shall be entered against SSP, Forman, and Cardinalle.

## I.    BACKGROUND

From 2000-2006, Plaintiff GE Capital entered into a series of lease agreements and related equipment schedules (the "Lease Documents") with Raytel Medical Imaging, Inc. ("Raytel"). (Cmplt. ¶¶ 8, 57, 85, 157, 181; Affidavit of Richard D. Straka ("Straka Aff.") ¶ 5). Under the terms of the Lease Documents, GE Capital agreed to lease medical equipment to Raytel in exchange for scheduled payments. (*Id*.). The Lease Documents also stated that in the event of default by Raytel, the entire balance would immediately become due and payable, GE Capital would be entitled to recover specified pieces of the leased equipment, and Raytel would be required to pay GE Capital's costs and expenses, including legal fees, related to the default. (Cmplt. ¶¶ 13, 16, 62, 65, 68, 93, 114, 117, 164, 190, 211, 214).

In 2007, Raytel assigned all of its lease agreements with GE Capital to Defendant SSP Partners, Inc. ("SSP"), and SSP assumed all of Raytel's obligations under the Lease Documents. (Cmplt. ¶¶ 11, 60, 88, 112, 159, 183). All of SSP's indebtedness with respect to the Lease Documents was personally guaranteed by Defendants Philip D. Forman ("Forman") and Luceen M. Cardinalle ("Cardinalle"). (Straka Aff. ¶ 6). Later in 2007, GE Capital entered into an individual lease and equipment schedule (the "Individual Lease") with SSP directly. (Cmplt. ¶ 134). The Individual Lease was executed pursuant to the same terms as the previous Lease Documents. (Cmplt. ¶¶ 137, 140). It was also personally guaranteed by Forman and Cardinalle. (Cmplt. ¶¶ 143, 150; Straka Aff. ¶ 6).

SSP ceased making payments on the Lease Documents and Individual Lease in 2008, defaulting on all of its obligations. (Cmplt. ¶¶ 61, 89, 113, 136, 160, 186). In September 2009, GE Capital filed a complaint with the district court, seeking the accelerated payments owed by SSP as well as a return of the specified equipment. (CM/ECF Docket Entry No. 1). Defendant Cardinalle was personally served with the summons and complaint on September 21, 2009. (Straka Aff. ¶ 3). As she acknowledged that she was an authorized agent to accept process for Defendant SSP, she was also served on behalf of SSP at the same time. (*Id*.). Defendant Forman was personally served on October 1, 2009. (*Id*.). GE Capital subsequently filed proof of service with the Court. (CM/ECF Docket Entry Nos. 4-6).

By November 16, 2009, over 30 days after service of process had been properly effectuated on all Defendants, none of the Defendants had answered or otherwise responded to the complaint. Therefore, Plaintiff moved for and obtained entries of

default from the Clerk of the Court as to SSP, Forman, and Cardinalle, pursuant to Fed. R. Civ. P. 55(a).  (CM/ECF Docket Entry No. 7)  Presently before the Court is Plaintiff's Motion for Default Judgment against all three Defendants pursuant to Fed. R. Civ. P. 55(b), seeking payment of fees and return of the leased equipment.

## II.   ANALYSIS

A defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  With that in mind, the Court must consider the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

Here, the Court must accept as true Plaintiff's allegations pertaining to breach of contract and non-payment of fees owed pursuant to the Lease Documents and Individual Lease.  In this context, the Court must consider the appropriateness of entering default judgment against Defendants.  The Court finds that the longer Plaintiff does not receive payment, the more it is harmed.  Therefore, if default were denied, Plaintiff would likely be prejudiced.  In addition, it appears to the Court that Defendants SSP, Forman, and Cardinalle were properly served, and that Plaintiff took all proper steps in filing its complaint, request for entry of default, and request for entry of default judgment.  Thus, the Court is unaware of any litigable defenses available to these Defendants and finds that their failure to respond to the Complaint was the result of their own culpable conduct only.  Therefore, the requirements for granting default judgment are satisfied.

Having considered the assessment of damages contained in the certification of Plaintiff's counsel, Robert S. Cohen, and the affidavit of Plaintiff's Workout Specialist, Richard D. Straka, the Court concludes that Plaintiff should be awarded $1,795,788.86 for SSP's default.  (*See* Certification of Robert S. Cohen ("Cohen Cert.") ¶¶ 24-25; Straka Aff. ¶¶7, 18, 25, 35, 40, 46, 57).  Having also considered the assessment of reasonable costs and attorneys' fees provided by Plaintiff's counsel via certification, which contains a breakdown of the individuals working on the matter, their credentials, experience, hourly rates, hours worked, and other expenses incurred, the Court further concludes that Plaintiff should be awarded an additional $23,451.84 in costs and attorneys' fees.  (*See* Cohen Cert. ¶¶ 13-23).  Because Defendants Forman and Cardinalle personally guaranteed all of SSP's debts, the default judgment should be against all three Defendants, jointly and severally.  (Straka Aff. ¶ 6).  Finally, in reliance upon the certification of Robert S. Cohen and the affidavit of Richard D. Straka, the Court finds that GE Capital is entitled to an order of possession of the equipment identified in Equipment Schedule #8540318 dated August 12, 2005, attached as Exhibit 1 to the Order accompanying this letter opinion.  (See Cohen Cert. ¶ 26; Straka Aff. ¶ 8E).

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is

**GRANTED** and default judgment is entered against Defendants.  An appropriate final judgment order follows.


                                                           /s/ William J. Martini     
                                           **WILLIAM J. MARTINI, U.S.D.J.**